### ELMER DAILEY *vs.* HERBERT A. WILCOX.

#### MAY 23, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1) Bills of Exceptions. Extension of Time for Filing Transcript.*

Where the time for filing a transcript is extended a party has ten days thereafter in which to file his bill of exceptions, notwithstanding the fact that the original order requiring the filing of the bill on or before a day certain had not been altered by the court.

*(2) Bills of Exceptions. Time.*

Where an order for the extension of time for filing a transcript was made by a justice before the expiration of the period first fixed, the fact that the order sent by mail did not reach the clerk for filing until the day following the expiration of the period, will not prejudice the rights of the party.

ASSUMPSIT.  Heard on motion to dismiss defendant's bill of exceptions and denied.

BAKER, J.  This is an action of assumpsit commenced and tried in Kent County.  The case was tried May 1, 1917, and the jury returned a verdict in favor of the plaintiff in the sum of $993.96.  May 4, 1917, defendant filed a motion for a new trial.  This motion was heard and denied on June 9.  On June 16, the defendant filed notice of his intention to prosecute a bill of exceptions to this court.  The trial judge ordered the bill of exceptions and transcript of evidence to be filed in the clerk's office on or before August 20, 1917.  On the day last named the defendant procured from another justice of the Superior Court the following order in said cause, namely:  "Time for filing transcript in office of the clerk is hereby extended to August 22d, 1917", which order, sent by mail, was filed in the clerk's office August 21.  On the following day, August 22, defendant filed in the clerk's office his bill of exceptions and the transcript of testimony, which on August 24 were allowed by the trial judge.  Thereafter on August 27 the clerk of the Superior Court for Kent County certified and transmitted the papers in said cause to the clerk of this court.

On March 27, 1918, the plaintiff moved that the defendant's bill of exceptions be dismissed on the ground that he had failed to file the same and the transcript of evidence "within the time fixed by law."  The cause is now before this court on this motion.

The defendant in requesting an extension of time for filing the transcript of evidence did not expressly obtain an extension of time for filing his bill of exceptions.  In *Baker v. Tyler*, 28 R. I. 152, the court analyzed the process of coming to this court on exceptions as set forth in Sections 71 and 490

of the C. & P. A., now respectively Section 3 of Chapter 278 and Section 17 of Chapter 298 of the General Laws of 1909. On page 155 the court said: "When an extension for filing the transcript is given, the statute again, without action by the court, fixes the time for filing the bill of exceptions within ten days from the expiration of the extended time to file the transcript." In *Horton* v. *Amoral*, 32 R. I. 10, affirming *Baker* v. *Tyler*, *supra*, in considering the time of filing a bill of exceptions and the transcript of testimony the court on page 15 says: "They are to be filed together in the first instance, but in case of an extension of the time for filing the transcript, that is, a time beyond that originally fixed for the filing of the bill of exceptions, in such case of extension the bill of exceptions need not be filed at the same time as the transcript, but within ten days thereafter." Accordingly in the present case, if the time for filing the transcript was in fact duly extended to August 22, the defendant had ten days thereafter in which to file his bill of exceptions, notwithstanding the fact that the original order requiring the filing of the bill on or before August 20 had not been altered by the court.

The plaintiff urges that the order extending the time for filing the transcript was ineffective and invalid because it was not filed "in the office of the clerk of the Superior Court for Kent County, before the time originally fixed for the filing of the transcript of evidence and bill of exceptions had expired." We think this is error. In *Hart Wood & Lumber Co.* v. *Sea View R. R. Co.* 29 R. I. 530, an order for an extension of time for filing a bill of exceptions and a transcript of testimony was duly obtained and sent by mail to the clerk of the Superior Court for Washington County, where the case was pending. The order for some unknown reason failed to reach the clerk before the expiration of the time originally fixed or at any time thereafter. This court said on page 535: "These circumstances present no ground for dismissal of the bill of exceptions. The order for the extension of time, which is the necessary and vital step, was made by the justice of

the Superior Court before the expiration of the period first fixed, and the fact that said order was lost can not be allowed to prejudice the rights of the defendant."

We think this governs the present case, and, therefore, the motion to dismiss the bill of exceptions is denied.

The cause will stand for hearing upon the defendant's bill of exceptions.

*Murphy, Hagan & Geary, John F. Murphy,* for plaintiff.
*Augustine T. L. Ledwidge,* for defendant: